## School Directors v. School Trustees.

1. CERTIORARI—*Effect of a Motion to Quash the Writ.*—A motion to quash a writ of certiorari is in the nature of a demurrer to the petition and comes too late after the return to the writ has been filed. The effect of filing such return is a waiver of the motion.

Certiorari.—Appeal from the Circuit Court of Shelby County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded with directions. Opinion filed September 11, 1900.

GEO. B. RHOADS, attorney for appellants.

HAMLIN & KELLEY, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a common law writ of certiorari, by which appellants, the school directors of district number one in town-

ship number twelve, range number four of Shelby county, Illinois, sought to have reviewed and quashed, by the Circuit Court of that county, an order of appellees, the school trustees of that township, granting the petition of certain persons residing in certain territory of that district, to have their lands detached from that district and added to district number four of that township.

The record shows that after appellees had made return to the writ by filing a copy of their proceedings in the matter in question, they, by motion *ore tenus*, moved the court to quash the writ, and the court allowed the same, ordered the writ quashed and appellants excepted.

Appellants bring the case to this court by appeal, and urge us to reverse the order of the court allowing the motion quashing the writ, on the grounds that the motion to quash the writ, being in the nature of a demurrer to the petition, came too late, after a return had been made to the writ; and that by the return it appears that the proceedings in question ought to have been ordered quashed, and not the writ.

It is practically conceded by counsel for appellees, in their printed brief and argument filed in this court, that the return of appellees shows that their proceedings in the matter were insufficient to warrant their granting of the petition to detach, but they contend that in the absence of the bill of exceptions showing upon what ground the court ordered the writ quashed, it will be presumed that the court acted properly, and upon a proper showing made.

We find, however, the bill of exceptions does show that the motion to quash the writ was a general motion, and the record otherwise shows a return had been made before the motion was made, so that it affirmatively appears by the record, that the general motion was, in effect, a demurrer to the petition for the writ, and therefore came too late after the return had been filed; the effect of filing the return being to waive a demurrer to the petition. The court, for that reason, should have overruled the motion and heard the proceeding on the merits.

From the copy of the proceedings sought to be quashed in this case, it is manifest that the Circuit Court committed prejudicial error against appellants by its order allowing appellees' motion and quashing the writ; therefore we reverse that order and will remand the case to that court with directions for it to overrule appellees' motion to quash the writ, and proceed to hear and determine the case upon its merits.    Order reversed and remanded with directions.